# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF APPLICATION FOR       :
ADMISSION TO PRACTICE IN THIS COURT   :

## PETITION

I __Joshua M. Salzman__, hereby petition the United States District Court for the Middle District of Pennsylvania to admit me to practice before that Court. In support of my petition, I state as follows:

My office address is:       Wilmer Cutler Pickering Hale & Dorr LLP

                            1875 Pennsylvania Ave. NW

                            Washington, DC 20006

Office Telephone:           202-663-6000

I was admitted to practice before the Courts listed below on the date shown after the name of each Court, and I am currently a member in good standing of all those Courts. See attached

My attorney Identification number is: __DC 982239__

---

**FOR COURT USE ONLY**

____ GENERAL ADMISSION:

BEFORE JUDGE _____       Date: _____

____ SPECIAL ADMISSION:

GRANTED _____       Date: _____

Please Answer the Following Questions:

All occasions, if any, on which I have been convicted of a crime (subsequent to my becoming an attorney), censured, suspended, disciplined or disbarred by any court are set forth as follows: (State the facts and circumstances connected with each; if none, state "none".)
None

All occasions, if any, on which I have been held in contempt of court are set forth as follows: (State the nature and final disposition of contempt; if none, state "none".)

I do _____, do not ✓, have any disciplinary action, contempt or other proceedings involving me pending before any court. (Check the appropriate space.) If there are pending proceedings, please explain: _____

I am seeking:

_____ General Admission under Local Rule LR 83.8.1

✓ Special Admission (specify by a check which rule) under

LR 83.8.2.1 ✓, LR 83.8.2.2 _____, LR 83.8.2.3 _____, or LR 83.8.2.4 _____

If seeking special admission under Local Rules LR 83.8.2.1, LR 83.8.2.2, LR 83.8.2.3, or LR 83.8.2.4, the basis for my admission under the designated rule is as follows:

I seek pro hac vice admission for the purpose of serving as counsel in In Re Commonwealth of Pennsylvania's Rule to Show Cause in Commonwealth of Pennsylvania v. William Housman

NAME THE PARTY YOU REPRESENT:

Defender Association of Philadelphia

If special admission is requested for a particular case, please list case number and caption:

Case # 1:13-cv-02103-ARC

Caption # In Re Commonwealth of Pennsylvania's Rule to Show Cause

I understand that:

1) If seeking admission under Section LR 83.8.2.2, LR 83.8.2.3, or 83.8.2.4, I must submit a letter from a superior stating the agency with which I am employed and the duties performed which qualify me for admission under those sections.

2) If petitioning for admission, only in a particular case, under Rule LR 83.8.2.1, I need no sponsor's certificate. Any attorney specially admitted under LR 83.8.2.1, shall, in each proceeding in which he or she appears, have associate counsel who is generally admitted under Local Rule 83.8.1 to practice in this court, whose appearance shall also be entered of record and upon whom all pleadings, motions, notices, and other papers may be served in accordance with any statute or applicable rule. The attendance of any such associate counsel upon the hearing of any motion or the taking of any testimony shall be sufficient appearance for the party or parties represented by such associate counsel. Either the specially admitted attorney or associate counsel must be fully prepared to participate in any hearings, arguments, conferences and trials. (See LR 83.9)

    If special admission is requested for a particular case, please list the name, address, telephone number and bar identification number of associate counsel to be entered of record in the case:

    Thomas B. Schmidt III (PA 19196), 717-255-1155
    Pepper Hamilton LLP, 100 Market Street. Suite 200, P.O. Box 1181
    Harrisburg, PA 17108

3) If seeking general admission under Rule LR 83.8.1, I must be a member of the bar of the Supreme Court of Pennsylvania and have a sponsor who is a member in good standing of the Bar of this Court present to move for my admission and I must submit the sponsor's certificate with my petition.

    _Joshua Salzman_
    PETITIONER

    _DC 982239_
    (Bar Identification Number and State where admitted)

    _8/26/2013_
    (Date)

By signing this petition for admission, I acknowledge that I have read the attached Middle District of Pennsylvania Code of Professional Conduct and agree to subscribe to the standards set forth in the Code.

NAME OF PETITIONER  Joshua M. Salzman

SPONSOR'S CERTIFICATE:

I, _____, am a member in good standing of the Bar of the United States District Court for the Middle District of Pennsylvania, having been admitted to practice on (month)_____ (day)_____, (year)_____. I have known the above petitioner for

_____. To my knowledge, the petitioner's moral character is as follows:

_____

_____

To my knowledge, the petitioner's educational background and experience are as follows:

_____

_____

I sponsor and recommend _____ for admission as a qualified attorney to practice before this court.

_____
(sponsor)

Office address:   _____

_____

Telephone:   _____

Attorney Bar I.D. Code No. _____

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

**CODE OF PROFESSIONAL CONDUCT**

**As a member of the Bar of the United States District Court for the Middle District of Pennsylvania, I will strive for the following professional ideal:**

1. The rule of law will govern my entire conduct. I will not violate the law or place myself above the law.

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

3. I will respect other lawyers' schedules as my own, and will seek agreement on meetings, depositions, hearings, and trial dates. A reasonable request for a scheduling accommodation should never be unreasonably refused.

4. Communications are life lines. I will keep the lines open. Telephone calls and correspondence are a two-way channel; I will respond to them promptly.

5. I will be punctual in appointments, communications and in honoring scheduled appearances. Neglect and tardiness are demeaning to others and to the judicial system.

6. I will earnestly attempt to resolve differences through negotiation, expeditiously and without needless expense.

7. Procedural rules are necessary to judicial order and decorum. I will be mindful that pleadings, discovery processes and motions cost time and money. I will not use them heedlessly. If an adversary is entitled to something, I will provide it without unnecessary formalities.

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

9. Before dates for hearings or trials are set, or if that is not feasible immediately after such date has been set, I will attempt to verify the availability of necessary participants and witnesses so I can promptly notify the court of any likely problems.

I agree to subscribe to the above
Code of Professional Conduct:

_____
Signature

## Joshua M. Salzman

### Bar and Court Admissions

| | | |
|---|---|---|
| New York Court of Appeals (New York State Bar) | October 1, 2007 | Bar No. 4537775 |
| District of Columbia Court of Appeals (District of Columbia Bar) | July 11, 2008 | Bar No. 982239 |
| U.S. Court of Appeals for the Federal Circuit | January 5, 2009 | |
| U.S. Court of Appeals for the Eleventh Circuit | January 27, 2010 | |
| U.S. District Court for the District of Columbia | May 3, 2010 | |
| U.S. Court of Appeals for the Ninth Circuit | October 27, 2010 | |
| U.S. Court of Appeals for the District of Columbia Circuit | November 15, 2010 | Bar No. 53173 |
| U.S. Supreme Court | December 5, 2011 | |